### (October 30, 1936.)

ALFRED J. KUNTZE, Respondent, v. GUARANTY TRUST COMPANY OF NEW YORK, Appellant.

Order affirmed, with twenty dollars costs and disbursements, with leave to the defendant to answer within twenty days after service of order upon payment of

said costs. No opinion. Present — Martin, P. J., Townley, Glennon, Untermyer and Dore, JJ.; Untermyer, J., dissents and votes to reverse and grant the motion; dissenting opinion by Untermyer, J.

UNTERMYER, J. (dissenting). Section 23 of the Personal Property Law does not, in my opinion, permit the destruction of any interest which had previously been recognized as such, including the interest of unborn children. Previous to the enactment of section 23 a trust to collect income and apply it to the use of any person was irrevocable, even by the united action of the trustee and all persons beneficially interested. This was due to section 103 of the Real Property Law, which provides that " the right of a beneficiary of an express trust to receive rents and profits of real property and apply them to the use of any person, cannot be transferred by assignment or otherwise," and to section 105 that " every sale, conveyance or other act of the trustee, in contravention of the trust, except as provided in this section * * * shall be absolutely void." There is a similar provision applicable to personal property (Pers. Prop. Law, § 15). The subject is fully considered by Chaplin on the Suspension of the Power of Alienation at sections 252 et seq., where many authorities are cited in support of the text.

It was for the purpose of modifying these provisions by authorizing the revocation of a trust upon consent of " all the persons beneficially interested " therein that section 23 of the Personal Property Law was enacted. The Legislature concluded that the former rule preventing the revocation of the trust and the distribution of the fund even upon consent of every person having any interest therein was unwise and inexpedient. It was never contemplated, nor does section 23 of the Personal Property Law suggest, that any interest, whether of persons living or unborn, might be destroyed without their consent. If this were an accounting proceeding relating to the trust, it is evident that these unborn children would require to be represented. I fail to understand why their rights should be disregarded where the purpose of the proceeding is its total destruction. Yet it is manifest that if the settlor shall remarry and die before the expiration of the trust, leaving issue, such issue will have been deprived of property which, by the terms of the trust, they were entitled to receive.

I realize, of course, that this conclusion would render indestructible a trust of such a character as this. The answer is that where the settlor desires to exercise a right of revocation for which the statute does not provide, the power must be expressly reserved.

The order should be reversed and the motion granted.